UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAKE J. RUFFINO,                          :
    Plaintiff,                       :
                          :    Case No. 3:12-cv-435 (VLB)
    v.                               :
                          :    April 18, 2012
ROBERT TRESTMAN, et al.,                  :
    Defendants.                      :

**INITIAL REVIEW ORDER**

Plaintiff Jake J. Ruffino, incarcerated and *pro se*, has filed a complaint

under 42 U.S.C. § 1983 (2000), against defendants Robert Trestman, Robert

Berger, Suzanne Ducate, Colleen Gallagher, Connie Weiskopf, Richard Furey,

Gerald Gagne and Mark Frayne in their individual and official capacities.  The

plaintiff alleges that these defendants permit various practices and procedures

for provision of mental health care that require inmates discuss their mental

health issues with staff in circumstances that enable other inmates and

correctional staff to listen to the conversations.  The plaintiff asserts a violation

of his constitutional right to privacy of health information.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil

complaints and dismiss any portion of the complaint that is frivolous or

malicious, that fails to state a claim upon which relief may be granted, or that

seeks monetary relief from a defendant who is immune from such relief.  *Id.*

Under the Federal Rules of Civil Procedure and Second Circuit precedent, a

*pro se* complaint is adequately pled if its allegations, liberally construed, could

"conceivably give rise to a viable claim." *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005).  The court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)).  Conclusory allegations are not sufficient.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly,* 550 U.S. at 570.  But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007)).

The plaintiff alleges that he is required to converse with mental health providers through his cell door, over the intercom speaker in the cell and in rooms equipped with audio and visual monitors.  In each situation, other inmates or correctional staff can listen to his private mental health information.  The plaintiff further alleges that he has brought these violations to the attention of the defendants, but the practices persist.  The court concludes that the complaint should be served on the defendants.

## ORDERS

The Court enters the following orders:

(1)     The Pro Se Prisoner Litigation Office shall verify the current work addresses for each defendant with the Department of Correction Office of Legal Affairs.  The Pro Se Prisoner Litigation Officer shall mail waiver of service of process request packets to each defendant at the confirmed addresses within fourteen (14) days of this Order.  The Pro Se Prisoner Litigation Office shall report to the court on the status of those waiver requests on the thirty-fifth (35) day after mailing.  If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2)     The Pro Se Prisoner Litigation Office shall prepare a summons form and send an official capacity service packet to the U.S. Marshal Service.  The U.S. Marshal is directed to effect service of the complaint with all exhibits on the defendants in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT  06141, within fourteen (14) days from the date of this order and to file returns of service within twenty (20) days from the date of this order.

(3)     The Pro Se Prisoner Litigation Office shall send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4)      The Pro Se Prisoner Litigation Office shall send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(5)      The defendants shall file their response to the complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They also may include any and all additional defenses permitted by the Federal Rules.

(6)      Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order.  Discovery requests need not be filed with the court.

(7)      All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(8)      Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

So ordered this 18th day of April 2012, at Hartford, Connecticut.


_____/s/_____
Vanessa L. Bryant
United States District Judge