UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAKE J. RUFFINO,<br>    Plaintiff, | :<br>:<br>: |
| v. | :  Case No. 3:12-cv-435 (VLB) |
| | : |
| ROBERT TRESTMAN, et al.,<br>    Defendants. | :<br>: |

### RULING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER [Doc. #15]

The plaintiff, incarcerated and pro se, has filed a complaint under 42 U.S.C. § 1983 alleging that the defendants permit various practices and procedures for provision of mental health care at Northern Correctional Institution that require inmates to discuss their mental health issues with staff in circumstances that enable other inmates and correctional staff to listen to the conversations. The plaintiff asserts a violation of his constitutional right to privacy of health information. He now seeks preliminary injunctive relief preventing the defendants from first, evaluating, assessing or conversing with inmates regarding private mental health information while on open tiers or at cell doors, second, evaluating inmates or communicating with inmates regarding private mental health information over the intercom system, and third, holding treatment sessions in rooms equipped with audio monitoring systems. For reasons that

follow, the plaintiff's motion is denied.

In opposition to the motion, the defendants have provided evidence that the plaintiff no longer is confined at Northern Correctional Institution. See Doc. #21, Attachment A. The Second Circuit has held that an inmate's request for declaratory and injunctive relief against correctional staff or conditions of confinement at a particular correctional institution becomes moot when the inmate is discharged or transferred to a different correctional institution. See Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir. 1976); Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed").

There is an exception to this principle. The court may decide a claim that is not moot where the claim is "'capable of repetition, yet evading review'" and the repetition will affect "the same complaining party." Altman v. Bedford Cent. Sch. Dist., 245 F.3d 49, 71 (2d Cir.) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 109 (1983)), cert. denied sub nom. Debari v. Bedford Cent. Sch. Dist., 534 U.S. 837 (2001). The plaintiff invokes this exception by stating that he has been transferred to Northern Correctional Institution several times during his incarceration. Whether the plaintiff is returned to Northern Correctional Institution depends on his behavior and disciplinary record. Thus, the possibility of his return to Northern Correctional Institution is speculative. In addition, if the plaintiff were returned to Northern Correctional Institution, he could file a new action addressing this claim. As the plaintiff conceded that his recent stay at

**Northern Correctional Institution was lengthy, his claim would not evade review.**

**The plaintiff's motion for preliminary injunction and temporary restraining order [Doc. #15] is DENIED as moot.**

**So ordered at Hartford, Connecticut this 12th day of September 2012.**

                                                   **/s/**
                                       **Vanessa L. Byrant**
                                       **United States District Judge**